IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANTONIAS BAILEY )<br>)<br>  Plaintiff, )<br>v. )<br>)<br>TITLEMAX OF GEORGIA, INC. )<br>)<br>  Defendant. )<br>)<br>_____ ) | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Santonias Bailey ("Plaintiff" or "Bailey"), through undersigned counsel, and files this lawsuit against Defendant TitleMax of Georgia, Inc. ("Defendant" or "TitleMax"), and for his Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff was employed by Defendant from approximately September 1, 2011 to July 23, 2012.

6.

In particular, Plaintiff was employed at one of Defendant's offices in Georgia.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last three years, Plaintiff was employed by Defendant as a non-exempt "Assistant Manager" and "Store Manager" paid on an hourly basis. Throughout his employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of (40) hours in a workweek.

9.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

12.

During the last three years, Defendant maintained a policy of requiring Plaintiff to work off the clock.

13.

During the last three years, while employed by Defendant as a non-exempt employee, Plaintiff's supervisor, Angela Leary, directed Plaintiff to work off the clock. Defendant's directives required Plaintiff work substantially in excess of (40) hours each week without receiving overtime compensation for all hours worked in excess of (40) in such weeks.

14.

Leary has been terminated by Defendant for submitting falsified time cards for employees she supervised. In particular, Leary has been terminated for

submitting falsified time cards that underreport hours worked by employees she supervised.

15.

During the last three years, while employed by Defendant as a non-exempt Assistant Manager and Store Manager, Plaintiff regularly worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential.

16.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

19.

Plaintiff is entitled to overtime pay for the hours he worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29

U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

22.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

23.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

24.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

25.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

26.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

27.

Defendant's violations of the FLSA were willful and in bad faith.

28.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to

unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 1st day of May, 2013.

        **BARRETT & FARAHANY, LLP**

        <u>/s/ V. Severin Roberts</u>
        Amanda A. Farahany
        Georgia Bar No. 646135
        Benjamin F. Barrett
        Georgia Bar No. 039586
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorneys for Plaintiff Santonias Bailey

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile